No. 2450

Second Circuit

HILL MOTOR CO. v. GARDNER, MEHAFFEY AND WIENER-HODGES-SMITH, INC., INTERVENORS

(March 14, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Chattel Mortgages—Par. 3.**

Intervenors in a suit with writ of sequestration, who claim a privilege by reason of chattel mortgage, cannot recover if they do not identify the property as that covered by the chattel mortgage.

Appeal from the Eleventh Judicial District Court, Parish of Sabine. Hon. Hal. A. Burgess, Judge.

Action by Pleasant Hill Motor Company against L. E. Gardner.

H. H. Mehaffey, and Wiener-Hodges-Smith, Inc., Intervenors.

There was judgment for plaintiff and intervenors appealed.

Judgment affirmed.

R. A. Fraser, of Many, attorney for plaintiff, appellee.

B. B. Breazeale; John B. Files, of Shreveport, attorneys for intervenors, appellants.

WEBB, J. The plaintiff, Pleasant Hill Motor Company, filed suit against L. E. Gardner to recover judgment for five hundred twenty-five dollars for material and work in repairing four motor trucks, and for recognition of a chattel mortgage on one of the trucks, with interest and attorney's fees, and alleging it had an artisan's privilege on the trucks and under appropriate allegations it obtained a writ of sequestration, under which the trucks were seized.

H. H. Mehaffey and Wiener-Hodges-Smith, Inc., each filed interventions claiming a privilege and chattel mortgage on the trucks and praying that their privilege be recognized as superior to the asserted privilege of plaintiff, and plaintiff answered the interventions, pleading, in effect, a general denial.

Pending the trial of the interventions, judgment was rendered in favor of the Pleasant Hill Motor Company against the defendant for the amount claimed, recognizing the asserted privilege and mortgage, and sustaining the writ of sequestration and ordering the property sold, and a fi. fa. was issued and the property sequestered seized and sold for an amount less than the plaintiff's judgment, and the proceeds of the sale held by the sheriff under an agreement of the parties.

On trial of the interventions there was judgment rejecting the demands of the intervenors and ordering the sheriff to pay the proceeds of the sale to the plaintiff, from which judgment intervenors appeal.

The intervenors in their briefs suggest that the judgment is erroneous in failing to rank their asserted privileges as superior to that of the plaintiff; however, we do not deem it necessary to consider that issue, as on the trial of the interventions the intervenors did not offer any evidence by which the property sequestered and sold under the writ of fi. fa. could be identified as the property on which they asserted a privilege.

The judgment appealed from is therefore affirmed.